**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Angela Hernandez**, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Safety Drugs, Inc.**, an Arizona Corporation; **Nathan Kaplan and Jane Doe Kaplan**, a Married Couple; **Vincent Chiarelli and Jane Doe Chiarelli**, a Married Couple; and **Harvey Hill and Jane Doe Hill**, a Married Couple,<br><br>Defendants. | No. _____<br><br>**COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. § 201, *ET SEQ.*** |

Plaintiff, Angela Hernandez ("Plaintiff"), individually, and on behalf of all other persons similarly situated, alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action on behalf of himself and all similarly-situated current and former Medical Courier/Delivery Drivers[1] of Defendants Safety Drugs, Inc.;

---

[1] For the purposes of this Complaint, "Medical Courier/Delivery Drivers" is exclusively a job title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of the Plaintiffs and putative class, and

-1-

Nathan Kaplan and Jane Doe Kaplan, Vincent Chiarelli and Jane Doe Chiarelli, and Harvey Hill and Jane Doe Hill.[2]

2. Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

3. Plaintiff brings a collective action under the FLSA to recover the unpaid overtime owed to her individually and on behalf of all other similarly-situated employees, current and former, of Defendants. Members of the Collective Action are referred to as the "Collective Members."

4. The Collective Members are all current and former Drivers who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

5. This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

6. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees an overtime premium for all time spent working in excess of 40 hours per week.

---

has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

[2] All Defendants to this action are collectively referred to as either "Safety Drug" or "Defendants" unless specified otherwise.

-2-

7. Defendants engaged in the regular policy and practice of subjecting Plaintiff and the Collective Members to their policy and practice of failing and/or refusing to pay them one and one-half times their regular rates of pay for all time they worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a).

8. Therefore, Defendants did not pay Plaintiff or the Collective Members the applicable overtime rate, in violation of 29 U.S.C. § 207.

## JURISDICTION AND VENUE

9. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

12. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

13. At all times material to the matters alleged in this Complaint, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

14. At all material times, Plaintiff is a full-time, non-exempt employee of Defendants who has worked for Defendants from approximately March 2018 through approximately July 2019.

15. Throughout Plaintiff's entire employment, he has been paid as an hourly employee at a rate of $13.50 per hour.

16. At all material times, Plaintiff was employed by Defendants.  Defendants employed Plaintiff to perform various delivery services, which generally consisted of, but was not limited to, delivering oral medications, injectables, I.V. therapies, medicinal compounds, and consulting services to skilled nursing facilities, assisted living and independent living communities, care homes, and hospices throughout Arizona, and other similar work that Defendants required her to do.

17. At all material times, Plaintiff was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

18. Plaintiff has given her written consent to be a party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

19. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated who are current or former Medical Courier/Delivery Drivers of

-4-

Defendants, including but not limited to Medical Courier/Delivery Drivers who agree in writing to join this action seeking recovery under the FLSA.

20. Plaintiff brings this action on behalf of herself and on behalf of all other similarly situated current and former employees of Defendants–specifically, Medical Courier/Delivery Drivers who were not paid one and one-half times their regular rates of pay for all time worked in excess of 40 hours in any given workweek and whose wages, therefore, were non-compliant with the FLSA.

21. Safety Drugs is an independently owned and operated long term care pharmacy that provides oral medications, injectables, I.V. therapies, medicinal compounds, and consulting services to skilled nursing facilities, assistant living and independent living communities, care homes, and hospices throughout Arizona.

22. Defendant Safety Drugs, Inc. is an Arizona corporation, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

23. Under the FLSA, Defendant Safety Drugs, Inc. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Safety Drugs, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. As a person who acted in the interest of

Defendants in relation to the company's employees, Defendant Safety Drugs, Inc. is subject to individual under the FLSA.

24. Defendant Nathan Kaplan and Jane Doe Kaplan are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable Nathan Kaplan and Jane Doe Kaplan are owners of Safety Drugs, Inc., and were at all relevant times Plaintiff's and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).

25. Under the FLSA, Defendants Nathan Kaplan and Jane Doe Kaplan are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Nathan Kaplan and Jane Doe Kaplan are the owners of Safety Drugs, Inc. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Nathan Kaplan and Jane Doe Kaplan are subject to individual liability under the FLSA.

26. Defendant Vincent Chiarelli and Jane Doe Chiarelli are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable Vincent Chiarelli and Jane Doe Chiarelli are owners of Safety Drugs, Inc., and were at all relevant

-6-

times Plaintiff's and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).

27.     Under the FLSA, Defendants Vincent Chiarelli and Jane Doe Chiarelli are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Vincent Chiarelli and Jane Doe Chiarelli are the owners of Safety Drugs, Inc.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Vincent Chiarelli and Jane Doe Chiarelli are subject to individual liability under the FLSA.

28.     Defendant Harvey Hill and Jane Doe Hill are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable Harvey Hill and Jane Doe Hill are owners of Safety Drugs, Inc., and were at all relevant times Plaintiff's and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).

29.     Under the FLSA, Defendants Harvey Hill and Jane Doe Hill are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Vi Harvey Hill and Jane Doe Hill are the owners of Safety Drugs, Inc.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of

-7-

employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Harvey Hill and Jane Doe Hill are subject to individual liability under the FLSA.

30. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants gave consent to, ratified, and authorized the acts of all other Defendants, as alleged in this Complaint.

31. Defendants, and each of them, are sued in both their individual and corporate capacities.

32. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff and the Collective Members.

33. At all relevant times, Plaintiff and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

34. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

35. At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

36. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' work and wages at all relevant times.

37. At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

38. At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## FACTUAL ALLEGATIONS

39. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

40. On approximately March 1, 2018, Plaintiff began employment with Defendants as a Medical Courier/Delivery Drivers, performing various repetitive tasks such as delivering oral medications, injectables, I.V. therapies, medicinal compounds, and consulting services to skilled nursing facilities, assisted living and independent living communities, care homes, and hospices throughout Arizona, and other similar work that Defendants required her to do.

41. Al all relevant times, Plaintiff and the Collective Members, collectively, have performed work as Medical Courier/Delivery Drivers for Defendants.

42. At all relevant times, Defendants did not pay Plaintiff or the Collective Members one- and one-half times their regular rates of pay for all time spent working in excess of 40 hours in a given workweek.

43. Plaintiff and the Collective Members are and were non-exempt employees.

-9-

44. From the beginning of Plaintiff's and the Collective Members' employment through the present day, Defendants failed to properly compensate Plaintiff and the Collective Members for all of their overtime hours.

45. At all relevant times, Plaintiff and the Collective Members were paid exclusively on an hourly basis.

46. At all relevant times, Defendants, acting pursuant to company-wide policy and practice, deducted one half-hour of time from each and every shift that Plaintiff and the Collective Members worked for Defendants for lunch breaks, regardless of whether Plaintiff and the Collective Members actually took a lunch break.

47. Plaintiff and the Collective Members generally either did not take lunch breaks or were required to and did continue to work through lunches, such that no break for lunch was actually allotted by Defendants. Nonetheless, Defendants deducted such time from each and every shift that Plaintiff and the Collective Members worked for Defendants

48. Such conduct on the part of Defendants violated the FLSA, 29 U.S.C. § 207(a).

49. Plaintiff and the Collective Members were not managers.

50. Plaintiff and the Collective Members did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of Defendants' employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

51. Plaintiff's and the Collective Members' primary duty was not the management of the enterprise in which they were employed or any recognized department of the enterprise.

52. From the beginning of Plaintiff's and the Collective Members' employment through the present day, Defendants failed to properly compensate them for any of their overtime hours.

53. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

54. Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

55. Therefore, in a given workweek, and during each and every workweek of Plaintiff's and the Collective Members' employment with Defendants, Plaintiff and the Collective Members were subject to Defendants' policy and practice of not paying one- and one-half times Plaintiff's and the Collective Members' regular rates of pay for all hours worked in excess of 40 hours in a given workweek.

56. In a given workweek, and during each and every workweek of Plaintiff's and the Collective Members' employment with Defendants, Plaintiff and the Collective Members worked more than 40 hours but were not paid the applicable one and one half

-11-

times Plaintiff's and the Collective Members' regular rates of pay for time they spent working in excess of 40 hours.

57.     Plaintiff believes and therefore claims that Defendants subjected each and every Medical Courier/Delivery Driver that they employed, including Plaintiff and the Collective Members, to their policy and practice of not paying one- and one-half times Plaintiff's and the Collective Members' regular rates of pay for all hours worked in excess of 40 in a given workweek.

58.     Plaintiff and the Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

59.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

60.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and Collective Members' work and wages at all relevant times.

61.     Due to Defendants' illegal wage practices, Plaintiff and the Collective Members are entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

**COLLECTIVE ACTION ALLEGATIONS**

62.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63.   Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as a representative of individuals similarly situated who are current or former Maintenance Technicians of Defendants.

64.   At all times material, Defendants paid Plaintiff and the Collective Members at a fixed hourly rate.

65.   Defendants subjected all of their Maintenance Technicians, including Plaintiff and the Collective Members, to their policy and practice of not paying their Maintenance Technicians one- and one-half times their regular rates of pay for all hours they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

66.   At all times material, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiff and the Collective Members to their policy and practice of not paying their Medical Courier/Delivery Drivers one and one half times their regular rates of pay for all time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

67.   Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members.  This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

-13-

68. Plaintiff and the Collective Members were each compensated on an hourly basis for the duration of their employment with Defendants.

69. The Collective Members perform or have performed the same or similar work as Plaintiff.

70. Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the Collective Members.

71. While Plaintiff and Defendants have described Plaintiff's and the Collective Members' job titles as Medical Courier/Delivery Drivers, the specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

72. All Collective Members, irrespective of their particular job requirements and job titles, are entitled to proper overtime wage compensation for all hours worked in excess of 40 in a given workweek.

73. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

74. As such, Plaintiff bring his FLSA overtime wage claim as a collective action on behalf of the following class:

-14-

**The FLSA Collective Members are all of Defendants' current and former Medical Courier/Delivery Drivers, and/or all other Hourly Employees of Defendants whose hours were automatically deducted by one half-hour per shift for lunch, starting <u>three years before this lawsuit was filed up to the present</u>.**

75. Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to Defendants' corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

76. Defendants are aware or should have been aware that federal law prohibited them from not paying their Medical Courier/Delivery Drivers –namely, Plaintiff and the Collective Members–an overtime premium wage for all time spent working in excess of 40 hours per given workweek.

77. Defendants' unlawful conduct has been widespread, repeated, and consistent.

78. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

79. Upon information and belief, the individuals similarly situated to Plaintiff include more than fifty (50) Medical Courier/Delivery Drivers currently and/or formerly employed by Defendants, and Plaintiffs are unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession, custody, or control, but it can be readily ascertained from their employment records and the records of Defendants' payroll processor.

80. Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendants, via email at the last known email address known to Defendants, and by text message to the last known telephone number known to Defendants.

## DAMAGES

81. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82. Plaintiff and the Collective Members are entitled to recover overtime compensation for the hours they worked in excess of 40 per given workweek for which they were not paid at the federally mandated one- and one-half times their regular rates of pay for all hours worked in excess of 40 in a given workweek.

83. Plaintiff and the Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

84. Plaintiff and the Collective Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

85. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86. At all relevant times, Defendants did not pay Plaintiff or the Collective Members one- and one-half times their regular rates of pay for all time spent working in excess of 40 hours in a given workweek.

87. Defendants engaged in such conduct in direct violation of 29 U.S.C. § 207(a).

88. As such, unpaid overtime wages for such time Plaintiff and the Collective Members worked in excess of 40 hours per given workweek are owed to Plaintiff and the Collective Members.

89. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

90. Plaintiff and the Collective Members are therefore entitled to compensation for their unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Angela Hernandez, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

-17-

      ii.      willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B.     For the Court to award damages in the amounts of all unpaid overtime compensation due and owing to Plaintiff and the Collective Members for time they spent working in excess of 40 hours per given workweek;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.     For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

F.     For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

G.     Such other relief as this Court deems just and proper.

## REQUEST FOR COLLECTIVE ACTION CERTIFICATION

As to Count I of this Complaint, Plaintiff requests that the Court designate this action as a collective action on behalf of the FLSA Collective Members and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to

timely assert FLSA claims in this action by filing individual Consent to Sue Forms pursuant to 29 U.S.C. § 216(b).

## **JURY TRIAL DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 18th day of July, 2019.

                               BENDAU & BENDAU PLLC

                               By: /s/ *Clifford P. Bendau, II*
                               Clifford P. Bendau, II
                               Christopher J. Bendau
                               *Attorneys for Plaintiff*